**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

ALEXEY FERRER,

     Plaintiff,

v.                                                          **CASE NO.: _____**

WAL-MART STORES INC.,

     Defendant.
_____

**DEFENDANT'S NOTICE OF REMOVAL**

Defendant WAL-MART STORES INC. ("Walmart" or "Defendant"), by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, respectfully files this Notice of Removal giving notice that it is removing this civil action to the United States District Court for the Southern District of Florida, Miami Division. In support of this Notice of Removal, Defendant states as follows:

**I.     PROCEDURAL HISTORY**

1.      On or about June 17, 2019, Plaintiff filed a Complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida entitled *Alexey Ferrer v. Wal-Mart Stores Inc.* designated Case No. 2019 017939-CA-01 ("State Court Action").  Plaintiff alleges Walmart violated the Florida Civil Rights Act, §760.01, et seq. ("FCRA") when it terminated his employment on August 23, 2018.  Plaintiff claims he was discriminated against on the basis of disability and retaliated against for opposing unlawful employment practices.

2.      Plaintiff served Defendant's agent for service of process with a Summons and a copy of the Complaint on June 21, 2019. A copy of the Summons is attached hereto as **Exhibit A.**

3.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) within thirty-days (30) from the date on which summons was deemed effectively served. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

4.      A true and legible copy of all pleadings and other papers or exhibits of every kind on file in the State Court Action are attached hereto as **Exhibit B.**  The judge presiding over the State Court Action has not entered any orders. There are no pending motions.

5.      This case is a civil action that may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 because it is an action between citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

## II.     DIVERSITY OF CITIZENSHIP

6.      To qualify for diversity jurisdiction, there must be complete diversity between the parties, which means no plaintiff may be a citizen of the same state as the defendant. *See Pease v. Medtronic, Inc.*, 6 F. Supp. 2d 1354, 1356 (S.D. Fla. 1998) (citing *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353 (11th Cir. 1996), overruled on other grounds by *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000)).

7.      In the Complaint, Plaintiff indicates he resides in Florida.  (*See* Compl. ¶ 3). Thus, Plaintiff is a citizen of the State of Florida for purposes of 28 U.S.C. § 1332.

8.      Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State . . . by which it has been **incorporated** and of the State . . .  where it has its **principal place of business** . . . ."  28 U.S.C. § 1332(c)(1) (emphasis added).  Defendant Wal-Mart Stores, Inc. (now Walmart Inc.) is incorporated in the state of Delaware. To determine a corporation's principal place of business, courts apply the "nerve center" test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A

2

corporation's principal place of business normally is the state in which it maintains its main headquarters.  *Id.*  Walmart Inc.'s headquarters and corporate offices are located in Arkansas, which is where its officers and directors perform the company's executive and administrative functions.  Thus, its principal place of business is Arkansas.  Based on the foregoing, Defendant is a citizen of Delaware and Arkansas for diversity purposes.

9.     The proper party defendant here is Wal-Mart Stores East, LP, which entity employed Plaintiff.  Wal-Mart Stores East, LP, is a Delaware limited partnership.  For purposes of diversity, the citizenship of a partnership is determined by the citizenship of all of its partners.  *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990).  The partners of Wal-Mart Stores East, LP are WSE Management, LLC and WSE Investment, LLC, both of which are limited liability companies.  For diversity purposes, a limited liability company is assigned the citizenship of its members.  *Pramco ex rel. CFSC Consortium, LLC v. San Juan Bay Marina, Inc.*, 435 F.3d 51, 54 (1st Cir. 2006).  The sole member of both WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC, which also is a limited liability company.  The sole member of Wal-Mart Stores East, LLC is Walmart Inc.  For diversity purposes, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(c)(1).  As stated above, Walmart, Inc. is a citizen of Delaware and Arkansas for diversity purposes.

10.     Accordingly, for the purposes of 28 U.S.C. § 1332(a)(1), diversity jurisdiction exists between Plaintiff (a citizen of Florida) and Defendant (a citizen of Delaware and Arkansas) at the time of filing this Notice of Removal.

## III.     AMOUNT IN CONTROVERSY

11.     Pursuant to 28 U.S.C. § 1332(a)(1), diversity jurisdiction also requires the amount in controversy to "exceed the sum or value of $75,000.00."

12.     Plaintiff's Complaint alleges damages exceeding $15,000.00, exclusive of interest, costs and attorneys' fees. *See* ¶ 1, Compl. Where the initial pleading does not demand a specific sum, the notice of removal may assert the amount in controversy.   28 U.S.C. § 1446(c)(2)(A).  The Supreme Court has held that a removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" and need not submit evidence in support thereof. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

13.     In assessing the amount in controversy, the Court considers the value of the plaintiff's claims by estimating the amounts that "will be put at issue during the litigation," and *not* how much plaintiff is ultimately likely to recover. *See S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014); *see also Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010) (citation omitted) (explaining "the plaintiffs' likelihood of success on the merits is largely irrelevant to the court's jurisdiction because the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover").  In conducting its analysis, the Court may rely upon its "judicial experience and common sense," rather than a plaintiff's self-serving representations that the value of his claims is indeterminate. *See Roe v. Michelin N. Am., Inc*., 613 F.3d 1058, 1064 (11th Cir. 2010).

14.     A plain reading of Plaintiff's Complaint – together with the jurisdictional allegations herein – demonstrates the amount in controversy exceeds the sum of $75,000.00, and thus, meets the jurisdictional amount required for removal based on diversity.  *See* 28 U.S.C. § 1332(a).

15.     Specifically, Plaintiff alleges in the Complaint he worked for Defendant from an unidentified date until August 23, 2018.  (Compl. ¶¶ 15, 18).  Plaintiff claims that, on or about

August 23, 2018, he asked his supervisor to turn around to face him so he could read her lips. (Compl. ¶¶ 15-16).  He claims instead of facing him, his supervisor turned around, did not face him, and repeated what she said.   (Compl. ¶ 16).   Plaintiff alleges he complained to the supervisor about failing to accommodate him.  (Compl. ¶ 18).  Plaintiff claims a few minutes later he was terminated because he was being loud and disrespectful. (Compl. ¶ 18).

16.    Based on those alleged facts, Plaintiff is seeking "damages," including but not limited to, back pay, benefits adjustment, prejudgment interest, compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life, reinstatement to his position or in lieu of reinstatement an award of front pay, costs, and attorney's fees.  (Compl. pp. 5-7). Compensatory damages, lost wages, punitive damages, and attorneys' fees are all recoverable pursuant to FCRA, § 760.11(5).

17.    As to lost wages, back pay should be calculated from the time of the adverse employment action through the date of trial. *E.g., Pope v. 20/20 Commc'ns, Inc.*, No. 8:15-cv-1774-30JSS, 2015 WL 5165223, at *2 (M.D. Fla. Sept. 2, 2015) (back-pay damages calculated through proposed date of trial); *Hendry v. Tampa Ship, LLC*, No. 8:10-cv-1849-T-30-30TGW, 2011 WL 398042, *2 (M.D. Fla. Feb. 4, 2011) ("Back pay is generally calculated from the date of the adverse employment action to the date of judgment."); *Morgan v. Sears, Roebuck & Co.*, No. 12-60055-CIV, 2012 WL 2523692, at *2 (S.D. Fla. June 29, 2012) (calculating back pack from time of termination through expected trial date, noting that court may use its "judicial experience and common sense" in making that determination); *see Penalver v. N. Elec., Inc.*, No. 12-80188-CIV, 2012 WL 1317621, at *3 (S.D. Fla. Apr. 17, 2012) (calculating back pay through the "first possible trial date" approximately ten months after removal); *Messina v. Chanel, Inc.*, No. 10-24518-CIV, 2011 WL 2610521, at *2 (S.D. Fla. July 1, 2011) (including back pay

5

through estimated time of trial eighteen months in the future).  Indeed, the Eleventh Circuit has approved calculating back pay through the estimated time of trial for purposes of the amount in controversy.  *See Wineberger v. Racetrac Petroleum, Inc*., No. 5:14-cv-653-Oc-30PRL, 2015 WL 225760, at *3 (M.D. Fla. Jan. 16, 2015) (calculating back pay from termination through estimated trial date of twenty-four months after complaint was filed, along with front pay of one year), *aff'd by Wineberger v. RaceTrac Petroleum, Inc*., 672 F. Appx. 914, 917 (11th Cir. 2016) (approving same).

18.     Plaintiff was paid $11/hour at the time of his termination, and he typically worked about 30 hours per week.  Thus, following Plaintiff's termination on August 23, 2018, his lost wages were approximately $330 per week.  As of the date of this removal, it has been approximately 47 weeks since Plaintiff's employment ended.  Accordingly, Plaintiff's back pay to date is approximately $15,510 not including the value of benefits.  Adding an additional year of back pay to account for the expected time between now and trial, Plaintiff could recover approximately **$32,670** in total back pay.[1]

19.     Front pay further augments the amount of lost wages in this action. *See Brown v. Cunningham Lindsey U.S., Inc*., No. 305CV141J32HTS, 2005 WL 1126670, at *4 (M.D. Fla. May 11, 2005) (crediting back pay from the time of plaintiff's termination through the estimated time of trial and crediting one year of front pay as a conservative measure of potential future lost wages); *Wineberger*, 672 F. App'x at 917 (approving inclusion of one year of front pay in amount in controversy calculation under FCRA); *see also Munoz v. Oceanside Resorts, Inc*., 223 F.3d 1340, 1349 (11th Cir. 2000) (affirming district court's award including one year's worth of

---

[1] $330/week x 47 weeks = $15,510.  $330 x 52 (additional year until trial) = $17,160.  $15,510 + $17,160 = $32,670 through trial.

front pay in discrimination case).  Thus, adding one year of front pay (totaling $17,160) results in approximately **$49,830** of total lost wages.

20.     Additionally, district courts routinely include compensatory damages in the form of pain and suffering, such as Plaintiff claims in this case, in the jurisdictional amount as well. *See Estevez-Gonzalez v. Kraft, Inc*., 606 F. Supp. 127, 129 (S.D. Fla. 1985) (including unspecified amount of compensatory damages for "physical and mental pain, physical handicap, impairment of working ability, injuries permanent or continuing in nature, and medical expenses"); *Bartley v. Starwood Hotel & Resorts Worldwide*, *Inc.*, No. 07-80637-CIV, 2007 WL 2774250, at *1 (S.D. Fla. Sept. 24, 2007) (finding that complaint "clearly established" amount in controversy based on general allegations of pain, mental anguish, scarring, disfigurement, loss of enjoyment of life, medical expenses, etc.). For instance, Judge Moody of the Middle District included compensatory damages in the range of $5,000-$30,000 under FCRA for purposes of calculating the amount in controversy, when the complaint merely alleged emotional distress in the nature of "that which would have been experienced by most individuals suddenly terminated from their jobs for unsavory reasons." *Wineberger*, 2015 WL 225760 at *4, *aff'd by Wineberger*, 672 F. Appx. at 917.  Indeed, the Eleventh Circuit has held that objective medical testimony is not necessary to support an award of emotional distress damages under FCRA, and plaintiff's lay testimony concerning the emotional impact of illegal termination was itself sufficient to support such award. *See Munoz*, 223 F.3d at 1348 (affirming jury award of $150,000 for emotional distress caused by illegal termination under FCRA); *see also Bernstein v. Sephora, Div. of DFS Grp. L.P.*, 182 F. Supp. 2d 1214, 1228 (S.D. Fla. 2002) (finding compensatory damages of $75,000.00 was maximum recoverable in discrimination case when evidence consisted mainly of plaintiff's "own rather conclusory testimony about her general distress").

21.     Plaintiff seeks emotional distress damages. Based on the case law above, **$25,000.00** for emotional pain and suffering is a very conservative estimate to include in the amount in controversy calculation.

22.     Adding Plaintiff's claim for attorneys' fees, which are recoverable under the FCRA, to the amount in controversy calculation, there is no question the amount in controversy exceeds $75,000.00. *See Penalver*, 2012 WL 1317621 at *3 (including reasonable attorney's fees in amount of controversy calculation). Given Plaintiff's counsel has presumably undertaken an initial investigation of Plaintiff's claim and thereafter filed a Complaint, a reasonable estimate of attorneys' fees to date would be $5,000.00.[2]  Attorneys' fees through trial, coupled with the unmitigated back pay damages, would certainly exceed the amount in controversy alone.

## IV.     NOTICE AND TIMELINESS

23.     Finally, this Notice of Removal has been given to Plaintiff and has been filed with the Clerk of the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, within thirty days of the date service was deemed effected and is therefore timely according to 28 U.S.C. § 1446.  *See Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc*., 526 U.S. 344, 354 (1999).  A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit C.**

24.     The required filing fee of $400 and an executed civil cover sheet accompany this Notice.

WHEREFORE, Defendant respectfully removes this action, pending in the Eleventh Circuit Court of Miami-Dade County, Florida to the United States District Court in the Southern District Court of Florida, Miami Division.

Dated this 19 day of July, 2019.

Respectfully submitted,

---

[2] $49,830 in lost wages + $25,000.00 in emotional distress damages + $5,000.00 in attorneys' fees = $79,830.

LITTLER MENDELSON, P.C.
111 N. Magnolia Avenue, Suite 1250
Orlando, Florida 32801-2366
Telephone:   (407) 393-2900
Facsimile:    (407) 393-2929


BY:     */s/Kimberly J. Doud*_____
        Kimberly J. Doud, Esquire
        Florida Bar No.: 523771
        E-mail: kdoud@littler.com

        LITTLER MENDELSON, P.C.
        333 SE 2nd Avenue, Suite 2700
        Miami, FL 33131
        Telephone:   (305) 400-7500
        Facsimile:    (305) 603-2552

        Miguel A. Morel, Esq.
        Florida Bar No.: 89163
        E-mail:  mamorel@littler.com


## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY CERTIFY** that on this 19th day of July 2019, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of filing via electronic mail to all counsel of record.

BY: */s/ Miguel A. Morel*
      Miguel A. Morel

FIRMWIDE:165439643.2 080000.4001